The next case on the call of the docket is Agenda No. 11, Case No. 127907, People of the State of Illinois v. Latron v. Cross. Mr. Christopher Evers, are you ready? Then you may proceed. Thank you, Your Honors, and may it please the Court. Chris Evers of the Office of the State Appellate Defender for Mr. Latron Cross. Today we're asking you to reverse the trial court's decision to attribute 34 days of delay to Mr. Cross under the Speedy Trial Act as a discovery sanction because his attorney, 34 days before the scheduled trial date after they demanded speedy trial, made a supplementary discovery disclosure revealing an alibi defense. Those 34 days were attributed even though there is no really dispute that that revealing of that alibi defense 34 days before trial did not delay that scheduled trial date on September 24th and did not make the State unable and incapable of going to trial on that scheduled date. Now, I'd like to begin certainly with the discovery rule and abuse of discretion under the discovery rules and then moving to the appellate court's decision under the Speedy Trial Act to attribute delay when no actual delay took place. Though, of course, I would take guidance from the Court if there's a different order or a new one to get into. This issue was not preserved by defense counsel by not filing a pretrial motion to dismiss or a post-trial motion, so that's why we're asking for relief under ineffective assistance of counsel. Now, as to the discovery rules, on August 24th, the hearing that was held on the State's response to this alibi defense disclosure, the trial court expressly attributed the 34 days, quote, because of the late disclosure. And it did that solely at the State's insistence that they were entitled to some type of sanction because of that late disclosure. They asked for a 70-day attribution to Mr. Croft. And the July 16th date when he first demanded speedy trial did schedule trial date. The trial judge decided 34 days were appropriate. This sanction, though, and this is something the State has never challenged in our arguments or authorities, that is, sanction under Rule 415G, which is how the trial court decided to attribute these 44 days of delay, has to be for the purpose of the discovery rules, of making of giving life to and making sure the discovery rules are followed. And that sanction has to make sure, and that discovery rules, is for the idea of not making sure there's no surprise, no unfair advantage to a party because of a disclosure that wasn't timely made. But that sanction has to have the purpose of curing some type of harm that a party suffered. And inherent within that harm is that the party who thinks they've been hurt has to articulate this is why we're not ready, this is what we want to cure this, and there has to be an inquiry by the court of why this sanction, in this case 34 days attributed to defend, cured whatever harm. And there was no harm here.  If I could ask you just to understand your argument. If no trial date had been set yet, did this event where the State or the State defense revealed a new alibi defense, do you believe that that told the statute, the 120-day trial? No, not at all, Your Honor. Not at all? No. It's typical. Discovery goes back and forth with parties all through the entire pre-trial process. It's a normal part of discovery. On that date when it was revealed that there was an alibi, did the defendant demand trial? They demanded. It was a paper filing. No one was before the court. But they demanded speedy trial on July 16th and continued that demand all through September 24th. Counsel, when discussing the matter on August 24th at the hearings, said he had been ready on the 16th. He was still ready to go to trial. His defense was different, but he still didn't back down. And more importantly, on August 21st and August 24th, the State itself had already admitted it wasn't ready to go to trial because it wasn't ready on July 16th. Is that what the statute requires? I mean, doesn't it require the statute requires some kind of affirmative statement by the defendant as to their position, you should send the case and continue? Yes, Your Honor. They demanded speedy trial on July 16th. They did not step away from that demand on August 24th. They told the judge expressly, there is no delay, Your Honor. We're going to trial September 24th. The State itself wanted to go to trial on September 24th when he was asked to do so. There was no disruption in the speedy trial demand made by counsel, who then reiterated again on September 24th they were ready to go to trial and the State was not ready. More to the point about the discovery sanction. Inherent in that is the State needs to state why they need the sanction. And if the trial court is going to assess it, it has to cure some type of harm. The State has never expressed that this alibi defense, 34 days before trial, more than a month to interview a single alibi witness who they had already been giving the one-page summary of what her testimony would be, made them incapable of going to trial on September 24th, and they certainly were not for that. On the issue itself, not the discovery violation. Yes. I think Justice Place was discussing with you a little bit. Did the trial court abuse its discretion in granting the State time to look into an alibi defense that was filed after the discovery deadline? Yes, Your Honor, it did. So when the alibi defense is filed, that case is ready to go to trial that day. The defendant's ready and the State should be ready too. The State wasn't ready on August 21st because they asked for the September 24th date. That was the whole. Right. My question is, the trial court said, I'm going to give the State some time to look into this, and they gave it from whatever the date was, August to September, to look into it, correct? No, Your Honor. And this is the difference between attributing delay to the defendants and issuing continuance when someone has expressed to the court, we're not ready. Why did the trial court then attribute the delay from the filing to 924 if it wasn't doing it for the purpose of allowing, attribute the delay to the defendant, if it wasn't doing it for the purpose of allowing the State time to look into this alibi defense? From the trial court's word, because of the late disclosure, it was giving a discovery sanction because the State represented, with no citation to authority or frankly clear argument, that it needed this as a sanction so it could be prepared. I'm sorry. At the trial level, the court said this is a discovery sanction? The court said because of the late disclosure. That is all the information in the record, Your Honor. Because of the late disclosure. That is the trial court's expressed word. But it didn't, you know, specifically use the word sanction. So it's basically because of the late disclosure, next month, giving time to the State to investigate, that time will be attributed to the defendant, correct? It said only the late disclosure. I'm not trying to nitpick to disrupt or offend the court. It's we have very little information. Nobody used any legal authority words of Rule 415G or Section 1035C, which frankly is, Your Honor, if we're going under the Speedy Trial Act, the proper course that was laid out in the statute of the State, if it had tried to investigate and was not ready on the set trial date, it had the mechanism laid out by the statute to request additional time. But what happened here is the court imposed this attributable delay for the cart before the horse. The State --- Right. Okay. Let's just talk about the Speedy Trial Act for a second, okay? I mean, because if in fact the Speedy Trial Act was not violated, forget about the discovery sanction. If someone files something, and then you should be allowed to look into it, right? Absolutely, Your Honor. Let's say there was no trial date set, and this was fine. The defense says, I demand a speedy trial. Here's my alibi defense. And the State says, oh, I just got this. I need until September 24th to look into it. There's no trial date set. Would that delay be attributable to the defendant? No, Your Honor, because if the speedy trial demand is made, there --. Okay, you're right. How can you not give the State time? When a defendant makes a demand for speed trial, the defendant is standing before the court saying, Judge, I can start this trial right now, right this second, immediately. Let's start this trial. I am ready. Then they file something that causes a delay because, I mean, again, it's an abuse of discretion standard. And this is more than abuse of discretion standard. I mean, it's a high abuse of discretion because the State should be allowed to rely on this so they don't lose cases on speedy trial grounds that get dismissed out because the judge made a mistake. This is a, you know, it's very deferential abuse of discretion. So, you know, if it causes the judge to say, I'm going to give the State some time to look into this, this is new. Mr. Defendant, you're saying you're ready for trial this minute, but the case is not in the posture to go to trial this minute because I'm going to give the State some time to look into it. You're saying that that is improper? That's an abuse of discretion? Your Honor, this case focused a lot of the nuances of the speedy trial. And I am going to answer your question. I am not ignoring you, but we're glossing over some critical information here. On July 16th, Mr. Cross demanded speedy trial. The State was not ready. The State said, we will be ready on September 24th, and that's when we're ready to go to trial. That's what they agreed to, and the State's attorney knew that the speedy trial would run on October 27th. And you're right, Your Honor, on August 21st, they revealed this alibi defense. The State was not ready on that day, but the State had already said they weren't going to be ready on that day or August 24th. It wasn't until September 24th. And they had, through the normal supplementary process of discovery of the parties going back and forth, and any time discovery is exchanged, it creates more work to be done by the party who receives it. They have to investigate, see if they can counter it. But the fact the State needed some time to investigate is independent of a delay occasioned by the defendant, which is required by the Speedy Trial Act. If the trial judge had said, I'm going to give the State time to look into this. I'm going to set the trial date for September 25th. So now the trial date is no longer in effect. We've extended the trial date. Does that take void out of the equation? Does that mean that now we've extended the trial date to allow the State, again, assuming it's not an abuse of discretion, to allow the State to have some time to look into this? And the judge says, I'm going to give you a reasonable amount of time until September 25th. We've now extended the trial date. Is that time from August 21st to 925 attributable to your client? No. September 24th to September 25th would be attributable to the defendant, but not putting back for that because, most important, the State never asked for this. The trial judge sua sponte attributing 34 days to the defendant under the Speedy Trial Act is not an abuse, is not a discretion at all, because, first of all, it never indicated it was doing that. But more to the point, Your Honor, is that having to look into something does not mean there's a delay in trial. The idea of speedy trials, the train is on the speedy trial track. It's going for it. They've demanded trial. The State had already said they weren't going to be ready on August 21st or 24th. They'll be until September 24th. That finally elevated defense did not stop the demand, and it certainly did not stop the concept that the State wasn't going to prepare and needed, guessing it needed more time. And that's really where you come down. This is a creation of the State, because instead of waiting to investigate and if they weren't ready on September 24th, they had a statutory remedy of asking for more time under Section 103.5. Instead, they rushed in with no authority or fine saying it's going to be late, we need time to investigate, but they didn't even want to change the date. And so asking for a remedy, asking for a delay to be attributed when there may not have been or was not an actual delay is something that this Court has never held or done before. There's multiple definitions through McDonnell, Ladd, and Kleiner this Court has put out, and that is somewhat situational if a speedy trial demand has been made, if no delay has been made. And that goes back and forth, and it's very fact-specific. But isn't the concern here math, the computation? I think that's the word the statute uses, computation or calculation. It's a math term. It's all about math. It talks, the statute talks about a 120-day term, and when the 120-day term starts and when it begins again, there are cases talking about tolling. The term runs, and then the term is tolled. So throughout, it seems to me a lot of this discussion, well, not all the cases, but so much of what we're talking about here is how do we do the math? How do we do the calculation of what's included in 120 days and what is not? Do you kind of agree with me on that? Yes, Your Honor. Yes, I do. And that's why I don't understand what the trial date has to do with anything. Because we need evidence that a trial has been delayed. Under the speedy trial, a delay occasioned by the defendant. That's the statutory language. Evidence of a delay comes in. But it doesn't say of a trial date. It says a delay occasioned by the defendant and that kind of thing. But not of a trial date. It's just a delay. Absolutely. And then later it talks about calculating the 120 days. Yes. But a scheduled trial date after a speedy trial demand has been made. Computing, not calculating. Okay. Computing. And you're right. The word trial date isn't in the statute, but it's evidence. A speedy trial demand, a scheduled trial date is part of the calculation and evidence to show if there has been a delay occasioned by the defendant. And here we have a speedy trial demand, and that's different from the People's Authority of Cordell, where they focus on, is that no speedy trial demand was made. So we have a set time that the defendant is ready to go to trial. The State wasn't ready for trial on July 16th, and they said the day that we're going to be ready, September 24th, and that's well within the October 27th speedy trial deadline for that. And then, through his responsibility under 415B for supplemental disclosure of learning new information, the alibi defense comes up, and then the State rushes in and says, well, you should attribute this time now to the defendant. But the trial court's decision to do that was an abuse of discretion when the ---- Ginsburg. The trial date computed, as the statute talked about, that those 34 days or whatever are to be attributed to the defendant, and therefore, the 120-day term was told for that number. If you agree ---- yes, Your Honor. If you agree with the trial court's decision, decide that our position is wrong, and you agree with the appellate court majority, then yes, it's within the 120 days. But our point being is that the trial judge had no abuse of discretion when it attributed it as a discovery sanction, or even under the Act, because it felt it wanted to do so, even though that's not what the State asked for, there was no delay occasioned by the defendant, because there has to be some evidence of a delay. An agreement to a continuance or asking for a continuance has always been a delay, a substantive motion. Kagan. In the record, I've not had an opportunity to look at the whole record. Is there any discussion at any of these critical moments about how many days had run on the term? Not the number of days, but the deadlines for discussion. July 16th, the prosecutor acknowledged ---- Tell me about that. At what point was there a discussion where the judge, the lawyers, defense, and the State said, we all are on the same page that the term runs on September 4th, or whatever it was? On July 16th, when defense counsel made the trial demand, the prosecutor stated, I believe the term runs on October 27th. And no one fought her on that. That seemed to be the tacit agreement for that. That was raised then. No discussion of a speedy trial deadline was done on August 24th. On September 24th, the prosecutor represented that now the new time is November 29th, based on the trial court's ruling for that. That was an error. It actually still remained October 27th is our position. But the prosecutor knew what it was. Asked for something that, frankly, she was not entitled to by getting this 34 days attributed to the defendant. On September 24th, they ---- the trial court, I'm sorry, the State was still not ready. There's nothing in the record to indicate that this alibi disclosure 34 days earlier, a full month beforehand, had anything to do with the State not being ready. And the State chose a November 6th date, which it knew was past the original October 27th date. They asked for something they weren't entitled to. They got it from the trial court, which was an abuse of discretion. And the remedy for that error under the speedy trial statute is to reverse his convictions and dismiss the charges. If we affirm, does that mean that defendants will feel compelled not to file things for fear that it would be attributed to changing the trial date and be attributed to them? I mean, I'm thinking of a chilling effect that they would be not think about. Well, I mean, I think that it might have a small ---- Then lose the defense or lose the information that they need. Well, I think there might be a minor chilling effect, but the discovery rules already have this in place in the idea that a sanction for a late disclosure, if they don't disclose it all, then they're never going to be able to use it. And that's going to hurt them probably worse than that. But if they disclose late because they don't want the time to go against them, then even the case law we cite states that a continuous recurrent mechanism, if the State truly is ambushed, like on the day of trial for the Hauser and Talley cases we cited, then a continuance is going to have to be given to the State and no one's going to be able to fight against that. But a 34-day delay, when the State had investigated this witness on September 7th, more than two days, two weeks before the scheduled trial, and already knew what her testimony was going to be, to attribute that delay before the State even asked for that necessary time to solve whatever harm they might be is making discovery disclosures. The same thing of substantive motions, which there's no dispute, tolls the speedy trial thing. But mere ---- Kagan. I was about to ask a question about that. How is this any different? Hasn't the courts held that if someone, the day of trial, the defendant files a motion to suppress statement, that that's chargeable to the defendant? Absolutely, Your Honor. How is this any different? They come forward and say, we are raising a new defense. This case has been going on for a year. But we're raising a new defense of an alibi today. How is that any different? Because it wasn't on the day of trial, Your Honor, 34 days, a month before trial that the State had asked for, because that's when they were going to be ready. So to attribute a delay, just because they need to do some more investigation, that always happens with discovery. More investigation, it does not equal ---- But what is the distinction between that and a motion to suppress file the day of trial? How is that any different? Doesn't this ---- isn't that attributable to the defendant because there's got to be ---- the State has to have some time to prepare to respond to the newly filed motion? Isn't the same idea? The State has to be given some time to respond to something that's just been raised for the first time? Too hard. Most of them just ---- time is necessary. I'm going to take about 30 seconds to finish the question. Time, an ambush on the day, first day of trial, yes, they always need more time. It doesn't matter what the filing is. Discovery, motion to suppress. Now, a motion to suppress is also a subject of motion which takes the speed off the speed of trial tracks, moves it over, because we need to resolve this subject of motion before we can move back. This was a routine discovery request. Now, yes, it's an alibi defense, but it's still the normal part of discovery, and that, the amount of time, shows there wasn't a delay, even though it took more effort to investigate, and those are distinct things. Thank you, counsel. Thank you. Mr. Shabula. Good morning. May it please the Court, counsel, I'm Assistant Attorney General Michael Shabula on behalf of the people of the State of Illinois. This is a straightforward case that's easy to resolve for two reasons. First, defendant's claim is clearly barred, so there's no reason to reach the merits. Second, even if we reach the merits, defendant has abandoned the primary arguments that he raised in his PLA and his opening brief. As to the first point, this claim is clearly barred. Defendant is attempting to convince this Court that his speedy trial statute deadline expired on October 26, 2018. Now, that's what he's arguing in this court, but that is not what he told the trial court. In the trial court, when the parties met to select the final trial date, defense counsel expressly agreed, without any condition or caveat, that the deadline did not expire until November 29th, so more than a month later than what he's arguing in this case. The trial court clearly relied on that express, unconditioned agreement. The court said, therefore, let's have trial on November 6th, and they proceeded in that fashion. Defense counsel did not object to that in any way. Instead, like I said, he led the court to believe that that date was perfectly okay. That means that his claim is now barred on appeal. This Court's decision in Cordell is directly on point. In Cordell, this Court held Excuse me. But if that date, November 6th, was beyond the 120-day statutory speedy trial period, can we assume that the defendant agreed to the extension of time? Can we assume the defendant? Under Cordell, a defendant is required to – under Cordell, if a trial court proposes a trial date that the defendant believes is beyond the speedy trial deadline, the defendant is obligated to object at the time that the trial court proposes that trial date. He doesn't understand that. I'm sorry? What if he doesn't understand that, and do we assume that he did? Beyond the trial – beyond the speedy trial time. If the defendant – if I understand Your Honor's question, is if the defendant did not know that the deadline had expired, but a court later calculates that it expired, that is not enough under Cordell. You have to object at the time the trial court proposes it. It doesn't matter if there was a mistake in some way. We require defendants to object at the time the trial date is proposed. And if you do not object, your claim is barred, even if it might theoretically have merit, if it had been preserved. Defendant here, as I said, did not object in any way. Frankly, he induced the trial court into selecting the date that he is now complaining about. I know my opponent has said that the people somehow forfeited this argument because the State's attorney who represented the people below did not raise this aptly here. We've been aptly throughout, and this Court can affirm based on any argument supported by the record. Here, the record clearly shows that defendant induced the trial court. He invited any error, so he can't raise it here on appeal. Even if we could somehow reach the merits, it's still easy to resolve. Like I said, in his reply brief, and it seems so today, defendant has essentially abandoned the primary arguments that he raised in his PLA in his opening brief. If you look at his PLA in his opening brief, he focused on the speedy trial statute, and he asked his court to adopt a bright-line rule that would say that if a trial court sets a trial date, even if it's just a tentative trial date, as occurred in this case, just to get the case on the calendar, that thereafter the court can, under no circumstances, attribute any delay to the defendant unless the defendant's actions directly require that trial date to be moved. As we pointed out in our Appelese brief, there are at least three major problems with that argument, which I'll just touch on because I don't know that defendants really focused on that argument any longer. But the first, as I think a few questions got to, is that the statute itself, the plain language, does not mention anything about trial dates or set trial dates or postponements of trial dates. It's incredibly wide open and says that courts can attribute delay to defendants that they believe is occasioned by the defendant. His argument was also inconsistent with this Court's authority. This Court has interpreted the Speedy Trial Statute many times over the last 50 years. It has never held that whether or not delay can be attributed to a defendant depends on whether the trial date was postponed. Instead, in many cases like Mado and Hall, this Court has emphasized that trial courts have wide discretion to attribute delay as they believe is appropriate. And in Cordell, this Court pointed out that nothing in the Speedy Trial Statute indicates that delay has to be of a set trial date. If this Court were to find that a speed trial violation occurred in this case, would that violation amount to plain error? No, Your Honor. Defendant has asked this Court to hold it as second-pronged plain error. This Court has never held that and it shouldn't hold that here. First of all, that would be inconsistent with Cordell, which, as I mentioned,  that's the same thing as saying it's not second-pronged plain error. It's the same thing as saying it requires an objection. This is certainly not a structural error. It's not something like a biased judge or a denial of counsel that goes to the integrity of the trial itself and causes us to doubt the validity of a guilty verdict. It's not a fundamental right. As we point out, there's at least ten states that do not have Speedy Trial Statutes. Other states that do tend to have longer deadlines in Illinois. So this is not a fundamental right. The legislature could abolish the statute this afternoon. There would be no constitutional problem with that. Didn't the trial court in this case note the defendant's objection to the continuance? I'm sorry. Didn't the trial court note the defendant's objection to the continuance? No, Your Honor. So I think, respectfully, I think with some of the earlier arguments, some things may have gotten confused. So the, as my opponent said, he first made us the trial demand in July. The court set a tentative trial date for the 24th of September. Everyone agreed that was just a tentative trial date. The judge had other trials scheduled for that day. He said, we'll discuss this date as we get closer. About a month later, the defendant for the first time turns over this alibi evidence. The court attributes, you know, the next 34 days to the defendant. They appear at the next hearing, and that's when they set the final trial date. There was no notation of an objection or anything like that. It was a completely unconditional agreement that the deadline did not expire until the end of November, which is contrary to what he's now arguing on his appeal. No objection was noted or any agreement was caveated in any way. He was. In the appellate court, the appellate court quotes the trial judge on November, I'm sorry, on September 24 as saying the State's motion to continue over objection of the defendant who announces ready for trial pursuant to the speedy trial statute. The motion itself, yes. He objected to. So the State filed a motion to attribute delay and asked for 70 days. The court did not agree with that 70 days. It gave the State 35 days. So he was noting the objection, as I understand it, to the State's motion. But if the actual, the appellate court may be wrong there, but you can look at, I believe it's R65 in the record is when the final scheduling hearing. If you look at it there, there's absolutely no objection by defendant to the final trial date. And under Cordell, any kind of prior objections, such as objecting to how delay was attributed earlier is insufficient to preserve the claim. As I mentioned, though, I think as to the merits, defendant has really abandoned his primary argument asking for a bright line rule. He's only arguing that the trial court abused his discretion. I think as some of the questions alluded to, that's an extremely difficult burden to carry. He has to show that the trial court's decision was arbitrary. Obviously, the trial court's decision was not arbitrary, as, again, some of the questions alluded to. The defendant turned over key alibi information. Not only did he turn over key alibi information and say that his grandmother would be testifying, he also said, in the next few weeks, I'm going to be turning over more witnesses. So obviously, it was reasonable for the trial court to say, I'm going to give the State the next 34 days to investigate that. Defendant might disagree with that decision, but it's certainly not an arbitrary decision, which means his claim is not only barred, but it's meritless. The merits, I wanted to address another point, which is that my opponent, in his reply brief in today, says several times that the State wouldn't have been ready on the initial tentative trial date, even if this information had not been disclosed. I don't know that that hypothetical is really helpful, because this information was disclosed, and this information, its late disclosure, is the reason the trial court attributed this delay. So I don't know that that hypothetical gets us anywhere. But in any event, there's no support for that hypothetical. He's speculating that the prosecution wouldn't have been ready on the initial trial date, even if he hadn't turned over this information. But there's no reason to believe that. The State never said we will definitely be ready on the initial trial date. In fact, as I said earlier, that was just the tentative trial date, because there were other trials scheduled for that day, and the Court said expressly we will discuss that as we get closer to the date, whether we can still hold trial on that date. The last point I wanted to make is that defendant, as I said, not only has he really kind of abandoned his arguments about the Bright Line Rule he was asking and abandoned his focus on the speedy trial statute, he's tried to turn this case into a discovery case. This is absolutely not a case about discovery. The people's motion to attribute delay did not mention any discovery rules. They did not ask for sanctions. No one ever used the word sanctions. At the hearing on the motion, there was no discussion of discovery rules. There was no discussion of sanctions. If you look at the language people used and the Court used, the Court was attributing delay. We all understand that attributing delay means you're talking about the speedy trial statute. You don't attribute delay as a sanction. If you say sanctions, judges are very clear that this is a sanction. So this case has nothing to do with discovery. It's about the speedy trial statute. It should be decided on a basis. I do want to quickly, though, mention to respond to a couple of his arguments about discovery. Clearly, I think he's stopped trying to argue that he complied with his discovery obligations. He obviously did not. He didn't disclose any alibi information until after a year into the pretrial proceedings. He had been ordered more than a year earlier to turn over any alibi information. If he had it, he didn't do that. That's obviously a discovery violation. To his credit, my opponent in his reply brief says his main argument on sanctions is that this Court should draw a line in the sand and say that a court can never attribute delay as part of a discovery sanction. Again, that's a hypothetical argument. That's not what occurred here. But still, he's wrong about that. Rule 415, which covers discovery sanctions, is expressly wide open. It says courts can exclude evidence if they wish, but it also expressly says they can craft any other remedy that they believe is appropriate. Now, my opponent has argued that he thinks in most cases what courts should do if there's a discovery violation is to order continuance. I think he's actually right about that. That's what the courts should do. It should order continuance so that the prosecution has time to investigate the new information and otherwise prepare for trial based on that new information. But what my opponent is not considering is that every single day pre-trial has to be attributed to either the prosecution or to the defense. And obviously, if a continuance is necessary, based on a late disclosure of evidence by the defendant, it makes sense to attribute that time to the defendant. But like I said, this is not a case about discovery. This is a case about the speedy trial statute. Defendant's claim is clearly barred because he induced the trial court to select the trial date that it did. Even if we ignore that and set that aside, his claim is clearly meritless. The trial court did not abuse its discretion by allowing the State 34 days to investigate this new evidence. Unless there are any other questions. There were certainly acknowledgments of the delays, and they knew what was going on, right? The defense acknowledged that, yeah, there was a delay. The defense acknowledged that this was brand new information. The defense counsel admitted that this completely changed the defense that they were planning to present at trial. The defense said, not only are we disclosing the grandmother, but this alibi was supposedly about a family gathering. We're going to be turning over more. They promised to be turning over more witnesses in the future. So you can imagine the trial court listening to this. The trial court says, okay, I'm going to attribute the next 35 days to the defendant because I have a brand new witness that you're telling me completely changes your defense, and you're also telling me you're going to be turning over more witnesses in the coming weeks. Of course the trial judge is going to attribute that delay to a defendant so that the prosecution has time to investigate it. That's a completely reasonable decision. If the defendant disagrees with it, that's fine, but he has to show that it's arbitrary. He can't do that, so his claim fails. I think the defense, clearly, it's not just that the defense failed to object, you know, at the time the new trial date was proposed. I think it's also noteworthy the defense counsel didn't raise this. He filed two motions for a new trial. He didn't complain about any time being attributed to him. He didn't complain about any kind of speedy trial violation.   He didn't complain about any kind of speedy trial violation. knew that this was a reasonable decision by the trial court. It was only when the case went up to appeal and appellate counsel, as they should do, scours the record for some kind of claim and came up with this. But at trial, everyone knew exactly what was going on. Everyone was in agreement with what was going on. Everyone was okay with what was going on, and they told the trial judge they were okay with it because they told him that the trial deadline did not expire until the end of November. So he can't come here now and say it expired a month earlier. Thank you, Your Honor. Mr. Evers? Thank you, Your Honor. Some points in rebuttal. Did you agree that there was an acknowledgment about what was going on? No, Your Honor. I think that is inaccurate. On August 24th, the hearing on the state's response, the defense attorney expressed that, Your Honors, there's no delay. There's no delay to attribute. On September 24th, the scheduled start of trial date, he objected and said, I want a speedy trial, and I am objecting to the date of November 6th. November — Didn't he raise the speedy trial? I have to say, I'm objecting to this continuance because it's beyond 120 days. No, he did not, Your Honor. But the point is the State chose November 6th. That's the date they said that they would be ready. What the State is complaining about is that defense attorney did not turn to the prosecutor and remind them, hey, if you get reversed on this speedy trial 34 days thing, October 27th is the time. Not to whisper in the ear of the prosecutor, but to say to the judge, judge, I object to that date because that's beyond the 120-day term. He did not say that. No, he did not say that, which is why we're going on ineffective assistance of counsel, Your Honor. He did not file a pretrial motion to dismiss the charges after October 27th. He did not preserve this issue in a post-trial motion. But to say that the State was not aware that it ran on October 27th is incorrect for going on. Yes, we've argued they forfeited it. That's in our briefs. Your court can make the decision about that. But this is not an issue. So we're real clear. What is the analysis here? Are we supposed to be looking at this issue through the lens of ineffective assistance of counsel or plain error? Ineffective assistance of counsel, both, Your Honor. It certainly can be under plain error. Plain error allows you to review the error. Is there a mistake? Yes or no. That is the basis of plain error. And if there is an error, a remedy. We've asked for this under ineffective assistance of counsel because independent of plain error, counsel did not zealously protect the speedy trial rights of Mr. Cross when he failed to file the post-trial motion, the post-trial motion and the pretrial motion to dismiss, that he did not say, to remind everyone, Your Honor, that's passed my position on October 27th, I think is not correct. Because the trial court had made a decision. Defense counsel was just living with the reality he was in that that time had been attributed. Your Honor asked a question about plain error. This Court has made clear, certainly back in Clark in 2016, that second-prong plain error is not merely structural error. Certainly a structural error is second-prong plain error, but that's not the closed universe. It can be other aspects. The Court asking for that is not what's going on here. And this Court has routinely held that the idea of the speedy trial gives life to, implements the constitutional rights of the Speedy Trial Act, the statutory right there. So we would argue that plain error certainly applies here. But there was no inducement. And the bigger point I want to bring on rebuttal here, counsel, myself, has not abandoned an argument we made in our opening brief. We talked about during my earlier presentation that the evidence of what a delay is, is fact-specific. It's case-specific. We have never asked for a bright-line rule when a trial date is set because every case that goes to pretrial is different. Here, though, unlike Cordell, counsel demanded speedy trial. That speedy trial train was going down the tracks there. And delay does not get – is taken – is attributed to the defendant when there is a delay occasioned by the defendant. And that did not take place here. There's been a lot of talk about, yes, the alibi defense came out on August 21st. I'm not conceding that that wasn't a discovery violation because the earliest he needed to bring it out was on July 16th when he answered his demand for trial. But putting that aside, let's talk about the sanction and or under the Speedy Trial Act. This was something I think that the trial court expressly did as a sanction. The citation to no authority doesn't inherently mean the State gets to pick the authority it wants to go under now. But under the Speedy Trial Act, this Court, through Kleiner, Latt, McDonnell, the cases cited by opposing counsel, talk about slightly different definitions of the Speedy Trial Act. For the simple purpose, they're dealing with different specific things. In McDonnell, they asked about the trial couldn't be set. Well, that was a motion to suppress file early on in the proceedings. There was no trial date. So, yes, they used the phrase no trial could be set. But here, we had a Speedy Trial demand, we had a set trial date, which is all evidence of whether there can be a delay occasioned by the defendant. And that did not take place here. The trial court, I'm sorry, defense attorney did object to the continuance on September 24th. That's in the page 66 of the record where the trial court expressly acknowledges it. And so what we're asking this Court to do, there is no large change in the law that's done here. This is essentially a unique experience. That's not going to happen again, because when the State focused with an alibi defense, even though it had more than a month to prepare, it knew already what the alibi witness was going to say, and it knew where she lived. They completed their investigation by September 7th, asked without any showing or even knowing itself if it wouldn't be able to proceed in September 24th based on the alibi defense to have this delay attributed to Mr. Cross. That's not going to happen again. Is this case not all fours with Boyd? Essentially, yes, Your Honor. Boyd had a Speedy Trial demand going on there, and that's why they used the phrase didn't move the trial date, because it was set. If we were to affirm the appellate court here, we would, in essence, have to overrule Boyd. Yes, Your Honor. And that was the focus of our PLA. We said there's a split. We need to resolve that. Yes, Your Honor. Okay. If there's no further questions from the Court, I will retire. Thank you for your time. Thank you, sir. Case number 127907, People of the State of Illinois v. Latron, Y. Cross. Will be taken under advisement by this Court as Agenda Number 11. Thank you, Mr. Evers, and thank you, Mr. Shagula, for your arguments this morning.